IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50367
Summary Calendar
_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v

JULIA MARIE VILLARREAL

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-01-CR-241-ALL
--------------------
December 3, 2002

Before KING, Chief Judge, and DeMOSS and BENAVIDES, Circuit
Judges.

PER CURIAM:[*]

Julia Marie Villareal entered a conditional guilty plea to

an indictment charging her with possession with intent to

distribute cocaine.  Villareal reserved her right to appeal the

district court's denial of her motion to suppress evidence seized

in a search of her home pursuant to a warrant.

Villareal argues that the search violated the Fourth

Amendment because the officers executing the warrant failed to

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

knock and announce their presence prior to breaking down her door, and she argues for the first time on appeal that the officers "manufactured" exigent circumstances by executing the warrant after dark.

"In order to justify a 'no-knock' entry, the police must have a reasonable suspicion that knocking and announcing their presence, under the particular circumstances, would be dangerous or futile, or that it would inhibit the effective investigation of the crime by, for example, allowing the destruction of evidence." Richards v. Wisconsin, 520 U.S. 385, 394 (1997). Based on the evidence presented at the suppression hearing, we find no error in the district court's determination that the officers executing the warrant reasonably suspected that knocking and announcing would have placed them in danger and might have resulted in the destruction of evidence. See United States v. Orozco, 191 F.3d 578, 581 (5th Cir. 1999); Richards, 520 U.S. at 394. Villareal's argument that the arresting officers created exigent circumstances due to their decision when to execute the warrant fails to establish that the district court plainly erred in denying the motion to suppress. See United States v. Maldonado, 42 F.3d 906, 912-13 (5th Cir. 1995).

AFFIRMED.